## In re HUMPHREYS.*
### Patent Appeal No. 2798.

Court of Customs and Patent Appeals.
Feb. 8, 1932.

HATFIELD, Associate Judge, dissenting.

Frank E. Liverance, Jr., of Grand Rapids, Mich., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed an application in the United States Patent Office on June 30, 1924, for a patent on improvements in wood-planing machines. Several claims were allowed by the examiner, but claims 14, 15, and 16 were finally rejected by him, and by the Board of Appeals, on appeal. These rejected claims are as follows:

*Rehearing denied March 7, 1932.

"14. A machine of the class described comprising an upper and lower cutter head and means for feeding a distorted board past both cutter heads without changing its distortion or position from the plane in which it enters the machine.

"15. A machine of the class described comprising a lower cutter head and an upper cutter head, one arranged in advance of the other in the machine in the order named, an infeed mechanism designed to yieldably grip a distorted board and feed it over the lower cutter head without changing its distortion or position from the plane in which it enters the machine, and means for moving the board under the upper cutter head.

"16. A machine of the class described comprising a lower cutter head and an upper cutter head, one arranged ahead of the other in the machine in the order named, a bed located behind the lower cutter head and under the upper cutter head, means for feeding a distorted board over the lower cutter head without changing its distortion or position from the plane in which it enters the machine, and means for pressing the lower surface of the board after it has been planed against the said bed and for feeding said board under the upper cutter head."

The claims were rejected upon a large number of references, it being only necessary to refer specifically to some of them herein.

The alleged invention is a wood-planing machine, which is sufficiently described for the purposes of this decision by the claims above quoted.

The elements of the upper and lower cutter heads, one arranged ahead of the other, and sustaining beds, are shown in the references Hayes of September 28, 1897, No. 590,-836, and Luther of June 25, 1901, No. 677,-243, and possibly other of the references.

The only novel feature which is claimed is that of feeding a warped or distorted board through between these cutter heads by such means as will hold the board continuously during the planing operation, in the same plane as that in which it enters the machine. This is accomplished in appellant's device by an endless chain of approximately the same width as the bed, the chain being made up of a plurality of links arranged in a mat formation. Each link is provided with a feed finger inclined outwardly from the chain toward the direction of travel. The free ends of the fingers are thrust outward by yieldable springs, and the surfaces of the fingers which engage the board are cor-

rugated to provide a better gripping surface for the board. By these means it is claimed the board will go through between the cutter heads without change of position.

On reference to Smith of December 11, 1917, No. 1,249,533, we find that the applicant's feed and flexible fingers are fully anticipated. In fact, the feed fingers are identical. The Board of Appeals states in its decision that applicant "admits that he uses the Smith flexible feed." The references Billstrom of July 27, 1909, No. 928,930, and Herzog of April 27, 1909, No. 919,351, also show similar flexible feed mechanisms.

It is quite apparent that any of these cited references will feed a distorted board between the cutter heads in exactly the same way that appellant's device will do it. That the conception of such a use was also present is evidenced by the specification of Herzog, where it is said:

"It is a further object to provide mechanism which will feed the strips with a slight pressure thereon which would not tend to bend or spring the board from its natural shape, so that when completed the planed surface will be perfectly straight. * * *

"The tension of these springs is only sufficient to engage the points of the fingers P with the upper surface of the board to be fitted without in any way springing the board from its natural shape. At the same time, the large number of fingers that are simultaneously engaged with the same board will exert a sufficient driving force to feed the work across the bed of the jointer."

The rejected claims are broad and must be broadly construed. As so construed, we find every element therein anticipated by the references. The appellant admits in his brief that all the elements in his device are old. The combination of these elements constitutes merely an aggregation, in which each element performs its function, heretofore known to the art.

It is argued that this device will produce a board with completely planed, parallel surfaces, and will *complete* its work with a *single* passage of the board through the machine. No such element is included in the rejected claims and we have no way of knowing, even if such knowledge might be used, whether appellant's device would operate any differently in this respect than the elements described in the cited references, as, for instance, if the Smith flexible feed were applied to the double cutter head of Luther.

The decision of the board of appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge (dissenting).

It appears from the decision of the Board of Appeals of the United States Patent Office that the primary examiner allowed 10 specific claims for the precise combination claimed by appellant. Those claims do not appear in the record. However, it was agreed by counsel for the parties, at the time of the oral arguments in this court, that claim 6, quoted in appellant's brief, was one of the allowed claims.

The claim reads as follows: "A machine of the class described comprising a lower and upper cutter head, one arranged ahead of the other in the machine in the order named, a bed in front of the lower cutter head, an infeed mechanism comprising an endless chain, with yielding fingers projecting therefrom, said mechanism extending over the first named bed, and the forward end of the second named bed, and a feed roller over the second named bed between the said infeed mechanism and upper cutter head."

The only distinction between the involved claims and claim 6, allowed by the primary examiner, is that the latter claim describes appellant's alleged invention more specifically than do those involved in this appeal.

No contention was made by the Patent Office tribunals, nor by the solicitor for the Patent Office, that the involved claims do not define the invention claimed by appellant. On the contrary, each of the tribunals below held that, although appellant's combination of old elements was different from those shown in the references, he had done nothing more than to substitute "one well known feed for another," and that the substitution of the feed disclosed in the patent to Smith "in the machine of Luther or the machines of the other references showing upper and lower cutters will produce applicant's result." I am of opinion that if these statements are true as to the appealed claims, they are applicable to the claims allowed by the primary examiner.

It is claimed by counsel for appellant that a distorted board may, in appellant's combination, be fed "over the lower cutter head without changing its distortion from the plane in which it enters the machine," and is planed on both sides with only one passage through

the machines; and that, therefore, appellant has obtained a new and useful result which could not be obtained by any of the devices shown in the references.

It is conceded by the solicitor for the Patent Office that appellant's machine planes a distorted board on both sides with only one passage through the machine. The solicitor contends, however, that, if the "planing mechanism of Herzog * * * for planing the undersurface of a distorted board be substituted for the first or undersurface planing mechanism of the doublesurface planer of Luther to the left of Luther's rolls A B' of Fig. 2," the same results would be obtained, and that such a substitution is obvious to one skilled in the art.

The question of whether a new and useful combination of old elements is suggested by the prior art and obvious to one skilled therein is largely a matter of opinion, concerning which minds may differ.

The primary examiner, a technical expert in the art, was of opinion that appellant's combination was a new and useful improvement and required the exercise of inventive genius to perfect it, and, accordingly, allowed ten claims, which specifically described the invention. It is not contended that the involved claims do not define appellant's invention, nor that they are sufficiently broad to read on any one reference. The sole contention is that appellant's combination, admittedly a new and useful improvement, is suggested by the references and is obvious to one skilled in the art.

I am unable to concur in that contention. Furthermore, the allowance by the primary examiner of the specific claims is sufficient, at least, to raise a doubt as to the applicability of the references, and this doubt should be resolved in the applicant's favor. See In re Englehardt, 40 F.(2d) 760, 17 C. C. P. A. 1244; In re Kirschbraun, 44 F.(2d) 675, 18 C. C. P. A. 735. I am not unmindful of the fact that there may be many cases where broad claims would be unpatentable over a combination of prior art references, although the patentability of specific claims would not be negatived by them. But where, as here, the specific claims include only the same features which are found in the combination of references relied upon by the Patent Office to negative patentability of the broad claims, it seems to me that all of the claims, broad and specific, should either have been allowed or rejected.

Having found that appellant's combination involved invention, and specific claims having been allowed appellant, I am unable to understand why broader claims *defining his invention* should not be allowed.

## In re BOYD et al.
### Patent Appeal No. 2862.

Court of Customs and Patent Appeals.
Feb. 1, 1932.

Wm. O. Belt, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.